PADUCAH, CITY OF (CITY NATIONAL BANK v.).  See Case No. 2,743.

## Case No. 10,659.

PAGAN et al v. SPARKS et al.

[2 Wash. C. C. 325.] [1]

Circuit Court, D. Pennsylvania.  Oct. Term, 1808.

BANKRUPTCY — SUIT AGAINST BANKRUPT'S DEBTOR —DEFENSE—ASSIGNMENT OF MORTGAGE IN PAYMENT—PLEADING IN EQUITY—DEMURRER.

1. Lloyd & Sparks being indebted to Johnson & Smith, assigned a mortgage to them in payment, it being understood that the assignors were not to be answerable for the title of the mortgagor to the mortgaged premises. Smith died, leaving Johnson his surviving partner, who became bankrupt, and the plaintiffs are his assignees. They filed a bill, stating that the mortgagor had no title to the mortgaged premises, and that he was a bankrupt, which was known to the assignors and concealed at the time of the assignment. Upon a demurrer to a bill, every part of it must be taken as true.

2. The complainants are the proper persons to ask the relief sought for by the bill, which is to obtain payment of the original debt due by the defendants, notwithstanding the assignment of the mortgage.

3. The representatives of a deceased partner need not be made parties to a bill filed by the surviving partner, as they have no claim until the partnership debts are paid, and then it is upon the surviving partner, or his representatives.

4. It is no objection to the bill, that it does not contain an offer to reassign the mortgage. The court will order this to be done in their decree, if they deem it necessary.

The bill states that Johnson & Smith carried on business as partners, under the firm of Johnson, Smith & Co., the former living in London, and the latter in New York. That Johnson shipped, at different times, to Smith, large cargoes of goods, part of which Smith sold to Lloyd & Sparks, a mercantile house in Philadelphia, in January, 1798, to the amount of twenty thousand five hundred and forty-four dollars; of which ten thousand dollars were paid; and in discharge of the balance, Lloyd & Sparks, on the 26th of January, 1798, assigned one equal moiety of a mortgage, executed to them by one Dickerson, to Smith, his heirs, executors, &c., with exceptions of certain parts. in which Smith stipulated to take said assignment at his own risk, without any responsibility on the part of Lloyd & Sparks for the payment of the debts secured by said mortgage, and assigned to said Smith, it being understood between the parties, that the said Lloyd & Sparks were not to be responsible for any part of the premises thereby granted. This mortgage was given by Dickerson, to secure the payment of five bonds due from Dickerson, but the principal of the two assigned to Smith, and secured by said mortgage, amounted to ten thousand dollars. The exceptions in the assignment refer to the par-

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

ticular tracts of the mortgaged premises. The bill charges that Dickerson had no title to the lands mentioned in said mortgage, or if any, only to a small part of very little value; and that Lloyd & Sparks, when they executed the assignment, were well acquainted with that circumstance, but concealed it from Smith, who supposed the title to be good. That before either of the bonds assigned to Smith became due, Smith died, leaving Johnson his surviving partner. In January, 1799, Johnson became bankrupt, and the plaintiffs were regularly appointed his assignees in England. That about the close of the year 1797, Dickerson became insolvent, which Lloyd & Sparks well knew, and in 1798, he was regularly declared a bankrupt under the laws of the United States; and that his estate will not pay the expenses of the commission. In November, 1798, Lloyd died, leaving the defendants, (except Sparks,) his executors and devisees. That Sparks has become insolvent, and unable to pay the complainants' demand. The prayer is, that the executors and devisees of Lloyd, may be decreed to pay, and for general relief. Sparks demurs, and assigns for cause, that the bill does not show a title in the complainants under Smith, to the said mortgage, premises, and bonds.

WASHINGTON, Circuit Justice (PETERS, District Judge, absent). This demurrer cannot be sustained. Every part of the bill must, for the present, be considered as true. The debt now sought to be recovered, was originally due to Johnson & Smith; and, if the actions which are now impeached on the ground of fraud, had not occurred, the representatives of Johnson could alone have maintained a suit at law to recover the debt. But, under all the circumstances of this case, the complainants are without remedy at law, and in equity, they are the proper and only persons who can, on this side of the court, ask for the relief prayed by this bill, which, in effect, is to put out of their way the assignment to Smith, and to decree payment of the original debt by the representatives of the solvent, but not surviving debtor. They do not claim under, but in opposition to the assignment to Smith; and on this ground, their title, in equity, to the debt, is unquestionable. It was unnecessary to have made the representatives of Smith parties, because they can have no claim, except against the plaintiffs, for any balance which may remain after paying the partnership debts, and until the plaintiffs shall refuse to account for such balance, the representatives of Smith can have no claim, and ought not, unnecessarily, to be pressed into the controversy. Neither is it an objection, that no offer is made to reassign the deed from Lloyd & Sparks to Smith. If this should, in the further progress of the cause, be thought useful or necessary, it can be so ordered by the court. These last points are noticed, because they

were urged in argument, in support of the demurrer, though not stated as causes of demurrer.

Demurrer overruled, with costs, and defendant ordered to answer.